**Esteban S. SOMOANO, Plaintiff,**

v.

**RYDER SYSTEM, INC., a Florida corporation, and OAO International Corporation, a Delaware corporation, Defendants.**

**No. 97–3303–Civ.**

United States District Court,
S.D. Florida.

Feb. 3, 1998.

 

Keith H. Stolzenberg, Miami, FL, for Plaintiff.

Michael S. Olin, Miami, FL, Michael S. Tarre, Coral Gables, FL, Peter J. Kahn, Williams & Connolly, Washington, DC, for Defendants.

### ORDER GRANTING DEFENDANT OAO INTERNATIONAL CORPORATION'S MOTION TO DISMISS COUNT III

MORENO, District Judge.

THIS CAUSE came before the Court upon Defendant OAO International Corporation's Motion to Dismiss Count III, filed on *October 23, 1997.*

THE COURT has considered the motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ADJUDGED that the motion is GRANTED.

### BACKGROUND

Plaintiff Somoano was formerly employed by Defendant Ryder System, Inc. ("Ryder") in Ryder's Computer Operations Department ("MIS Department"). Somoano alleges that after Ryder decided to "outsource" the work

done by its MIS Department to a third party; Ryder adopted an MIS Severance Plan (the "Plan") to provide severance benefits to employees who might lose their jobs in the transition. Ryder negotiated with IBM and Andersen Consulting to provide the MIS Services. Although he was not offered a job by IBM, Somoano was offered a job by Defendant OAO International Corporation ("OAO"), one of IBM's business partners. Somoano accepted the job with OAO. Eventually, however, Somoano concluded that the job at OAO was not substantially similar to his job at Ryder, so he requested that Ryder pay him the severance benefits under the Plan. Ryder refused to pay, and after OAO terminated Somoano, Ryder refused a second request by Somoano to pay him the severance benefits.

Somoano filed a three-count Complaint against Ryder and OAO, seeking to recover benefits allegedly owed to him by Ryder pursuant to the Plan. Somoano asserted claims against Ryder for breach of contract and for violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*[1] Somoano also alleged a claim against OAO for tortious interference with Somoano's business relationship with Ryder. OAO has filed a motion to dismiss the tortious interference claim based on ERISA preemption and based on an alleged failure to state a claim.

### *LEGAL STANDARD AND ANALYSIS*

A court will not grant a motion to dismiss unless the plaintiff fails to prove any facts that would entitle the plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). When ruling on a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *St. Joseph's Hospital, Inc. v. Hospital Corp. of America,* 795 F.2d 948 (11th Cir.1986).

Somoano's tortious interference with a business relationship claim alleges that OAO knew of Somoano's employment with Ryder and Ryder's plan to terminate employees such as Somoano, and that OAO interfered with Somoano's business relationship with Ryder in two ways: 1) by wrongly informing Ryder that Somoano's position at OAO was substantially similar to his position at Ryder; and 2) by informing Ryder that Somoano had resigned from his position at OAO when in fact Somoano had been terminated from his position at OAO. OAO argues that this tortious interference claim is preempted by ERISA.

An analysis of OAO's ERISA preemption argument starts with ERISA's preemption provision, which provides in pertinent part:

> [T]he provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a)....

29 U.S.C. § 1144(a).

A state law will be found to "relate to" an employee benefit plan if the law "has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983).

The Eleventh Circuit has held that a state law claim brought against a non-ERISA entity[2] such as OAO is preempted when the claim affects the relationship between ERISA entities. *Garren v. John Hancock Mut. Life Ins. Co.,* 114 F.3d 186, 188 (11th Cir.1997) (holding that state law claim for tortious interference with contract brought against non-ERISA entity is preempted when the claim "relates to" an ERISA plan). The Eleventh Circuit has further explained that the preemption analysis should focus on the relationship between the

---

1. In an Order filed on January 7, 1998, this Court granted Ryder's motion to dismiss Somoano's breach of contract claim on the grounds of ERISA preemption.

2. "ERISA entities are the employer, the plan, the plan fiduciaries, and the beneficiaries under the plan." *Morstein v. National Ins. Servs., Inc.,* 93

F.3d 715, 722 (11th Cir.1996) (en banc) (citations omitted), *cert. denied,* ——· U.S. ——, 117 S.Ct. 769, 136 L.Ed.2d 715 (1997). In the instant case, Somoano, as beneficiary, and Ryder, as the employer who adopted and allegedly controlled the administration of the Plan, are ERISA entities; OAO is not such an entity.

alleged conduct and the refusal to pay benefits, and not on the relationship between the parties. *Id.* at 188. A state law claim such as Somoano's "relates to" an ERISA plan and thus is preempted "whenever the alleged conduct at issue is intertwined with the refusal to pay benefits." *Id.* at 187 (citations omitted).

Guided by the Eleventh Circuit's reasoning in *Garren*, this Court finds that Somoano's tortious interference claim against OAO is preempted by ERISA. Somoano alleges that OAO knew of the "material terms of the Plan" and that OAO interfered with his relationship with Ryder "under the Plan." Complaint, ¶¶ 45–46. As to whether the Plan is actually an ERISA plan, Section 5 of the Plan states that the Plan is "subject to ERISA," and Somoano alleges the same in the Complaint. *See* Complaint, ¶ 39 ("[t]he Plan has, at all times material hereto, been an employee benefit plan subject to the provisions of [ERISA]"). In addition, as damages against OAO, Somoano seeks the amount of Severance Benefits he would have received under the Plan if OAO had not tortiously interfered. Based on these allegations, this Court finds that Somoano's tortious interference claim against OAO "relates to" the ERISA Plan and is "intertwined with [Ryder's] refusal to pay benefits." *Garren*, 114 F.3d at 187. Therefore, Somoano's tortious interference claim against OAO is preempted by ERISA.[3]

Somoano argues against preemption first by claiming that the ERISA preemption issue is not ripe because there has been no determination that the Plan is an ERISA plan. This Court disagrees. As noted above, the Plan itself states that it is "subject to ERISA," and Somoano has alleged as much in his ERISA claim against Ryder. *See* Complaint, ¶ 39.

Somoano further argues that if the Plan is an ERISA plan, the tortious interference claim does not "relate to" the Plan because OAO was a third party with no responsibility for administering or determining rights under the Plan. However, the Eleventh Circuit's ruling in *Garren* forecloses the argument that state law claims against non-ERISA entities cannot be preempted by ERISA. *See Garren*, 114 F.3d at 188.

Somoano also argues that, although he seeks damages equal to what he would have received under the Plan, there is only an "indirect relationship" between OAO's conduct, Somoano, and the Plan. This argument might prevail if the only connection between Somoano's tortious interference claim and the Plan was the fact that Somoano seeks as damages the Severance Benefits he would have been entitled to under the Plan. *See, e.g., Morstein*, 93 F.3d at 723 ("[a]lthough the remedy sought may affect the plan in that [plaintiff's] damages ... may be measured based on what she would have received under her old plan, such indirect relation between a beneficiary and the plan is not enough for preemption") (citation omitted). However, Somoano's Complaint also alleges that OAO's conduct interfered with Somoano's relationship with Ryder under the Plan. *See* Complaint, ¶ 46. Therefore, there is more than an "indirect relationship" between OAO's conduct, Somoano, Ryder and the Plan. OAO's alleged conduct is directly "intertwined with [Ryder's] refusal to pay benefits" under the Plan. *Garren*, 114 F.3d at 187. Thus, Somoano's tortious interference claim against OAO is preempted.

To distinguish *Garren*, Somoano argues that *Garren* did not involve a situation where a third party unrelated to the adoption or servicing of an ERISA plan intentionally misrepresents information about a beneficiary of the plan. Somoano argues that the facts of the instant case are more closely analogous to *Morstein*, in which the Eleventh Circuit held that state law claims for fraud in the inducement and negligence brought by a plan beneficiary against an insurance agency and its agent, both of which are non-ERISA entities, were not preempted by ERISA. *See Morstein*, 93 F.3d at 723–24. The *Morstein* court noted that the preemption of such claims would hurt employees and employers who relied on the representations of insurance agents regarding the terms of the

---

3. Since the Court finds that Somoano's tortious interference claim is preempted by ERISA, the Court need not address OAO's argument that the tortious interference claim failed to state a claim upon which relief could be granted.

**1346**

ERISA plans. *See id.* at 723 ("[i]f ERISA preempts a beneficiary's potential cause of action for misrepresentation, employees, beneficiaries, and employers choosing among various plans will no longer be able to rely on the representations of the insurance agent regarding the terms of the plan").

However, Morstein's policy argument regarding holding insurance agents accountable for their representations distinguishes *Morstein* from the instant case. In addition, as OAO has argued, the conduct giving rise to the torts alleged in *Morstein* occurred before an ERISA plan was even in effect, while Somoano's tortious interference claim involves OAO's alleged interference with Somoano's relationship with Ryder under the Plan.

Lastly, Somoano argues that if the Court finds the tortious interference claim to be preempted, the Court should nevertheless construe this claim as stating a cause of action under ERISA. OAO argues in response that the only question before the Court is whether the tortious interference claim is preempted by ERISA, and that Somoano's ability to assert an ERISA claim against OAO should be determined when and if Somoano actually attempts to assert such a claim.

■ The Court agrees with OAO on this issue. The Court finds that Somoano's tortious interference claim is preempted by ERISA, and the Court refuses to construe the tortious interference claim as stating a cause of action under ERISA. The Court will address Somoano's ability to assert an ERISA claim against OAO when and if Somoano attempts to assert such a claim.

### CONCLUSION

It is,

ADJUDGED that Defendant OAO International Corporation's Motion to Dismiss Count III is GRANTED.